Eugene C. **FITSHUGH**

v.

John A. **RYLES.**

No. LR–C–81–46.

United States District Court,
E. D. Arkansas, W. D.

July 20, 1981.

---

---

David H. Williams, Little Rock, Ark., for plaintiff.

William L. Owen, Mitchell, Williams, Gill & Selig, Little Rock, Ark., for defendant.

## MEMORANDUM OPINION

ROY, District Judge.

Plaintiff filed this action alleging that the defendant had refused to accept his tender for redemption of property as required within 120 days of the sale of the property under 26 U.S.C. § 6337(b)(1).[1] Defendant has filed a Motion for Summary Judgment. Plaintiff did not respond with a brief but filed two affidavits in support of his position.

Plaintiff had incurred a tax liability owing to the United States which was not voluntarily discharged. As a result, the Internal Revenue Service levied upon and sold his house on September 29, 1980.

On January 23, 1981, within the 120 day time limit which would expire on January 27, 1981, plaintiff tendered to defendant an "envelope draft" in the amount of $14,654.11 which, it is undisputed, was an amount sufficient to cover the sale price of $13,750.00 and the interest at a rate of 20% per annum as required by 26 U.S.C. § 6337(b)(2).

Defendant refused to accept the draft on the grounds that it was not cash or cash equivalent and that, due to the time needed for collection of the money through the normal channels—the draft to be paid by a bank in St. Louis, Missouri—the tender could not be timely, i. e., within the 120 days. The defendant contends that seven to ten days are required for the collection of such a draft, and the plaintiff contends that two days is realistic and that, therefore, the tender was timely.

Timeliness, however, is not the controlling issue herein. In *Silver Bell Industries, Inc. v. United States, et al.*, 74–2 U.S.T.C. ¶ 9691, 34 AFTR2d 74–5682 (D.Colo.1974), aff'd, 76–1 U.S.T.C. ¶ 9432, 38 AFTR2d 76–5171 (10th Cir. 1976), cert. denied, 429 U.S. 822, 97 S.Ct. 71, 50 L.Ed.2d 83 (1976), the Court stated:

> In our view, a tender of amount due under the redemption statute must be in the full required amount, in cash or certified checks, or cash equivalent, and timely made.

1. 26 U.S.C. § 6337(b)(1) states:

    Period. The owners of any real property sold as provided in section 6335, their heirs, executors, or administrators, or any person having any interest therein, or a lien thereon, or any person in their behalf, shall be permitted to redeem the property sold, or any particular tract of such property, at any time within 120 days after the sale thereof.

*Black's Law Dictionary*, Revised Fourth Edition (1968), defines "cash" as "money or its equivalent; usually ready money." In order for money to be "ready," it must not, of course, be subject to conditions of exchange. The envelope drafts tendered by plaintiff carried the notations "Collection Item" and "After inspection of contents pay to the order of John A. Ryles."

*Ark.Stat.Ann.* § 85–3–409(1) (Add.1961) states:

> A check or other draft does not of itself operate as an assignment of any funds in the hands of the drawee available for its payment, and the drawer is not liable on the instrument until he accepts it.

On the other hand, Ark.Stat.Ann. § 85–3–411 (Add.1961) states, in pertinent part:

> (1) Certification of a check is acceptance. Where a holder procures certification the drawer and all prior indorsers are discharged.
> (2) Unless otherwise agreed a bank has no obligation to certify a check.

In other words, the tender of the draft did not operate as an assignment of any funds to the defendant, and, unless the draft was accepted in St. Louis, there would be no such assignment. It is therefore understandable that the Court in *Silver Bell Industries, supra*, was given pause by the fact that the attempted redemption therein was made by personal check. The Court noted that redemption was not to be effective until the checks had cleared the bank. The drafts in the instant case are less "ready money" than the personal checks in *Silver Bell Industries*. The notation on the draft must be interpreted to mean that the contents of the envelope draft, presumably defendant's muniments of title, were to be inspected and approved as adequate by Don Roth or other officials of the Southern Commercial Bank of St. Louis before the draft would be honored. Such a conditional tender may not be construed as one of cash or its equivalent. While the Court recognizes that the general rule of redemption is one of leniency to the owner, *Anselmo v. James*, 449 F.Supp. 922 (D.Mass.1978), the Court must conclude that the defendant was under no obligation to accept the drafts, and the defendant's Motion for Summary Judgment is granted. The Complaint of the plaintiff is dismissed, with prejudice. Each party is to bear its own costs.

The defendant, in his Motion for Summary Judgment has raised the issue of the effect of the Temporary Restraining Order issued in favor of the plaintiff by the Chancery Court for Pulaski County, Arkansas. Since the T.R.O. has lapsed, it is not relevant to this discussion.